[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11912
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00143-KD-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JEROME ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 25, 2020)

Before WILLIAM PRYOR, GRANT and HULL, Circuit Judges.

PER CURIAM:

Anthony Ellis appeals his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Ellis argues that the government presented insufficient evidence that he knowingly possessed a firearm. We affirm.

We review a challenge to the sufficiency of the evidence *de novo* to determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008). In making this determination, we view the evidence in the light most favorable to the government. *Id.* We leave credibility determinations and the weighing of the evidence to the jury. *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010). "The test for sufficiency of the evidence is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Watts*, 896 F.3d 1245, 1251 (11th Cir. 2018) (quotation marks omitted). Nonetheless, "[w]hen the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *Id.* (quotation marks omitted).

To sustain a conviction for possession of a firearm by a convicted felon, the government must prove that the defendant knew that he was a convicted felon and was in knowing possession of a firearm or ammunition and that the firearm or ammunition was in or affected interstate commerce. *See* 18 U.S.C. §§ 922(g)(1),

2

924(a)(2); *Rehaif v. United States*, 139 S. Ct. 2191, 2194, 2200 (2019) (holding that the "knowingly" element for a conviction under sections 922(g) and 924(a)(2) requires the government to "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"). Knowing possession of a firearm can be actual or constructive. *United States v. Vereen*, 920 F.3d 1300, 1310 (11th Cir. 2019).

Sufficient evidence supports Ellis's conviction for knowingly possessing a firearm as a convicted felon. The government presented testimony from another detainee at the jail where Ellis was being detained that Ellis admitted possessing a .38 caliber revolver and admitted his cousin possessed a .40 caliber pistol when they were arrested. The jury was entitled to weigh and credit that testimony. The government also presented the testimony of two police officers who saw Ellis and his cousin stoop suddenly beside a car where the officers immediately afterward recovered two firearms: a .38 caliber revolver where Ellis stooped and a .40 caliber pistol where his cousin stooped. The officers also seized a clip for a .40 caliber pistol from Ellis's cousin when they patted him down. The jury was entitled to infer from that circumstantial evidence that Ellis possessed the .38 caliber revolver. And Ellis does not argue that he lacked knowledge of his status as a felon. The district court did not err in denying Ellis's motion for judgment of acquittal.

**AFFIRMED.**

3